[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 191.]

CINCINNATI BAR ASSOCIATION *v.* PYATT.

[Cite as *Cincinnati Bar Assn. v. Pyatt*, 1997-Ohio-307.]

*Attorneys at law—Misconduct—Indefinite suspension—Failure to cooperate in a disciplinary investigation—Failure to maintain good standing with Supreme Court by failing to register with Clerk of Court for current biennium and failing to advise Clerk of current office address.*

(No. 97-872—Submitted August 26, 1997—Decided November 5, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-14.

———————————

{¶ 1} On February 5, 1996, the Cincinnati Bar Association, relator, filed a complaint alleging that on February 18, 1994, respondent, Jeffrey S. Pyatt of Cincinnati, Ohio, Attorney Registration No. 0047576, undertook to represent Jennifer Kamphaus on a contingent fee basis in regard to an automobile accident. The complaint further alleged that respondent informed Kamphaus that he could settle her case for $2,000, despite the fact that she was still undergoing medical treatment for her personal injuries, had $500 in damages to her automobile, and a lost-wage claim in excess of $1,200. The complaint alleged that for several months after April 1995, Kamphaus was unable to contact respondent about the progress of her case. In July 1995, she discovered that respondent's phone had been disconnected. The complaint alleged that after Kamphaus sent a letter via certified mail to respondent in August 1995, he called and told her that she would receive a check within a week, although she had not agreed to a settlement of her case. The complaint alleged that Kamphaus then discharged respondent and employed another attorney, who timely filed a suit on her behalf.

**{¶ 2}** The complaint alleged that after Kamphaus filed a grievance, relator had difficulty in contacting respondent. After being reached, respondent claimed that he had intended to file an action on behalf of Kamphaus, but was discharged before he could do so. Relator further claimed that respondent failed to turn over to relator his file with respect to Kamphaus and failed to appear for a subpoenaed deposition.

**{¶ 3}** Relator claimed that respondent's actions violated DR 2-110(A)(2) (a lawyer shall not withdraw from employment without taking steps to avoid prejudice to his client and without delivering to the client all papers and property to which the client is entitled), 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him), 7-101(A)(1) (a lawyer shall not fail to seek the lawful objectives of a client), 7-101(A)(2) (a lawyer shall not fail to carry out a contract of employment), and 9-102(B)(4) (a lawyer shall promptly deliver to a client property to which the client is entitled). Relator also claimed that by failing to cooperate in the investigation, respondent violated Gov.Bar R. V(4)(G) and requested that respondent be disciplined pursuant to Gov.Bar R. V.

**{¶ 4}** Respondent filed an answer denying that he told Kamphaus her claim could be settled for $2,000, and denying, for the most part, that for four months Kamphaus attempted to and was unable to contact him. Respondent admitted that he received a certified letter and telephoned Kamphaus, but he denied telling Kamphaus she would receive a settlement check within a week. Respondent further admitted that he failed to deliver the Kamphaus file to relator and failed to attend a deposition, but denied that he was served with a subpoena and that he had notice of the deposition.

**{¶ 5}** Relator twice attempted to serve respondent with a subpoena *duces tecum* at his business address as registered with the Supreme Court. Both attempts, one before and one after the filing of the complaint, were unsuccessful. After relator failed in an attempt to serve respondent through a private process server,

relator filed a motion for default judgment pursuant to Civ.R. 37(D) and 37(B)(2)(c). In accordance with Gov.Bar R. V(11)(B), the motion was served on the Clerk of the Supreme Court of Ohio, who replied that since September 1, 1995, respondent was not in good standing with the Supreme Court and that his last known business address was that at which the relator had attempted to serve the subpoenas.

{¶ 6} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") considered the pleadings and found the facts as alleged and that respondent had failed to cooperate in relator's investigation. The panel granted the motion for default judgment and concluded that respondent had violated DR 2-110(A)(2), 6-101(A)(3), 7-101(A)(1) and (2), and Gov.Bar R. V(4)(G). The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

——————————————

*Gates T. Richards* and *Edwin W. Patterson III,* for relator.

*Jeffrey S. Pyatt, pro se.*

——————————————

*Per Curiam.*

{¶ 7} Based upon the record before us and the findings of the board with respect to respondent's failure to respond to relator's inquiries, we conclude that respondent not only has failed to cooperate in a disciplinary investigation, but also has failed to maintain his good standing with this court both by failing to register with the Clerk of Court for the current biennium, as required by Gov.Bar R. VI, and by failing to advise the Clerk of his current office address as required by Gov.Bar R. VI(1)(D).

**{¶ 8}** We therefore adopt the recommendation of the board and indefinitely suspend respondent from the practice of law in Ohio. Costs of these proceedings are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————